# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 5696 | **DATE** | 12/8/2003 |
| **CASE TITLE** | Steadfast Insurance Company vs. Auto Marketing Network, Inc., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Motion of Steadfast Insurance Company to augment its expert witness list [325-1] is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 5 number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | DEC 1 0 2003 date docketed | 334 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 12/8/2003 date mailed notice | |
| MD | courtroom deputy's initials | Date/time received in central Clerk's Office | MD mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| STEADFAST INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 97 C 5696 |
| ) | Judge Joan H. Lefkow |
| AUTO MARKETING NETWORK, INC. and ) | |
| IMPERIAL CREDIT INDUSTRIES, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DOCKETED**
**DEC 1 0 2003**

## MEMORANDUM OPINION AND ORDER

On October 27, 2003, this court granted the motion of defendant/counter-plaintiff Imperial Credit Industries, Inc., ("Imperial"), for a new trial on its counterclaim of bad faith insurance litigation against plaintiff/counter-defendant Steadfast Insurance Company ("Steadfast"). In doing so, the court noted that the exclusion of Imperial's expert witnesses at trial caused inherent prejudice to Imperial and otherwise made the trial on the counterclaim unfair. Currently pending before the court is Steadfast's motion to augment its expert witness list so that it may designate experts to render opinions to rebut those presented by Imperial's experts. As stated below, the motion is denied.

According to Steadfast, denial of its motion to augment the expert witness list will result in the same inherent prejudice the court found with respect to Imperial in the first trial. Without any expert testimony, Imperial's experts will testify that Steadfast did not conduct a proper investigation before filing its Complaint against Imperial. Any expert testimony would then be unrebutted, and the jury would "predictably" give full weight to Imperial's expert opinions and

334

find in Imperial's favor. Steadfast correctly concedes that for the first trial it did not designate experts in connection with these issues, although it argues that this was because it believed expert testimony on this subject was improper, a conclusion this court agreed with at that time. *See Steadfast Ins. Co. v. Auto Mktg. Network, Inc.*, No. 97 C 5696, 2001 WL 881321, at *9 (N.D. Ill. Aug. 2, 2001). By contrast to the prejudice it faces, Steadfast argues that the harm to Imperial is minimal. Steadfast proposes that it will designate experts by December 10, 2003, so that Imperial be given a full month to provide supplemental reports from its own experts. In addition, Steadfast proposes that expert depositions be completed within the following month, by February 10, 2004. Steadfast notes that any expenses Imperial will have to incur in regard to these expert witnesses would result not from Steadfast attempting to change its theory of the case but instead from the court's decision to allow Imperial to call its legal experts.

In response, Imperial argues that Steadfast's motion should be denied because (1) Steadfast never designated expert witnesses regarding this counterclaim at any point in this litigation, and specifically not within the time set forth in the pretrial order governing this case; (2) Steadfast moved to strike Imperial's experts on the counterclaim eight months after the close of expert discovery (referred to by Imperial as a "gamble" that this court would grant their motion to strike) and only after failing to designate a rebuttal expert within the prescribed time; and (3) Steadfast's claim of prejudice is nothing more than an attempt to retry this case with new lawyers and new theories. Moreover, Imperial believes that it would be prejudiced by allowing Steadfast to now present expert testimony because Steadfast had the benefit of over 3 years of analyzing the opinions of Imperial's experts (and a "test trial") and Imperial will have to shoulder

2

additional expenses in both preparing for and conducting depositions of Steadfast's experts as well as working with its own experts in rebuttal.

Steadfast cites the Tenth Circuit's opinion in *Cleveland* v. *Piper Aircraft Corp.*, 985 F.2d 1438 (10th Cir. 1993) for the applicable standards to be applied concerning new evidence in subsequent retrials. In that case, the Tenth Circuit had previously remanded a case to the district court for retrial. For this new trial, the district court limited the evidence to the same witnesses and exhibits as the first trial. *Id.* at 1449. The district court certified this issue, along with others, as appealable under 28 U.S.C. § 1292(b). In addressing the issue of the scope of witnesses to be allowed at the second trial, the court noted that the "district court has broad discretion in its control and management of trials" which must be "balanced with constitutional fairness so as not to prejudice the basic rights of parties." *Id.* The court explained that "if the trial court perceives in limiting evidentiary proof in a new trial, a manifest injustice, to one side or the other, the court must retain broad latitude and may with proper notice allow additional witnesses and relevant proof." *Id.* at 1450. Although the parties cite no Seventh Circuit precedent, this appears to be the governing standard applied by most courts with respect to retrials. *See, e.g., Habecker* v. *Clark Equip. Co.*, 36 F.3d 278, 288 (3d Cir. 1994) ("We have consistently recognized that the assertion of new issues on retrial is typically within the sound discretion of the district court."); Wright & Miller, FEDERAL PRACTICE & PROCEDURE: CIVIL 2D § 2803 (1995) ("If a new trial is granted, the district court has broad discretion in its control

and management of the new trial. Decisions respecting the admission of additional witnesses and proof should be guided by considerations of fairness and justice to all parties.").[1]

In considering this motion, it is difficult to believe that Steadfast, a sophisticated corporate entity represented by counsel, did not designate its own experts only on belief that such expert testimony would be eventually forbidden. While true that Steadfast filed a motion to strike, it came eight months after the close of expert discovery. As Imperial points out, if this court were to have denied the motion to strike originally (which, in essence, the court said it should have done in its October 27, 2003 opinion), Steadfast would be in the same position they are currently in–facing expert testimony with no expert of their own disclosed. Rather, Steadfast's counsel must have made the strategic decision to rely on its own lawyer-witness, Steadfast in-house counsel Stephen Bauer, to testify as to what he believed his obligations were and how he fulfilled them. Assuming unfairness stems from this result, it is attributable to Steadfast's own conscious decisions and strategy. The only thing that has changed in the meantime is Steadfast has retained new counsel, who would like to present this case to the jury in a different manner than previous counsel. As the Tenth Circuit in *Cleveland* noted, "[i]t is always easy in hindsight for counsel to realize there may be a better way to try a case the second time around." 985 F.2d at 1449. Such a scenario rings true here, and the court sees nothing to suggest a manifest injustice. Even if there were, however, it would be as a result of Steadfast's

---

[1] Imperial, while not disputing these above standards, also argues that pursuant to this court's order on November 12, 1999 and Federal Rule of Civil Procedure 26(a)(2), expert discovery closed in this case as of February 29, 2000. Imperial believes that Federal Rule of Civil Procedure 37(c)(1) is, therefore, applicable. That rule provides that a party who has failed to provide information under Rule 26(a) "is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed."

4

own strategies and decisions, and no good reason exists for this court to disturb those decisions previously made on account of Steadfast's belief that new counsel can better present this case.

Accordingly, Steadfast's motion to augment its expert witness list is denied [#325].

ENTER: *Joan H Lefkow*
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: December 8, 2003